UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RASHA IHSAN HASAN on behalf of IHSAN HASAN ALI,<br><br>Plaintiff(s),<br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>Defendant(s). | CASE NO. C25-5734-KKE<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. Plaintiff Rasha Ihsan Hasan, representing herself and proceeding in forma pauperis, did not file an opposition. For the reasons below, the Court GRANTS Defendants' motion to dismiss as unopposed.

On August 20, 2025, Hasan filed an application to proceed in forma pauperis and a proposed complaint for writ of mandamus. Dkt. No. 1. U.S. Magistrate Judge Theresa L. Fricke granted Hasan's application (Dkt. No. 4), and summons was issued (Dkt. No. 6). Hasan asserts that Defendants have unlawfully delayed resolving her father's immigrant visa application in violation of the Administrative Procedure Act. Dkt. No. 5. She seeks a writ of mandamus compelling the readjudication of his application after it was initially refused by a consular officer. *Id.*

ORDER DISMISSING CASE WITHOUT PREJUDICE - 1

Defendants now move to dismiss the Complaint on two separate grounds: First, they argue that the consular officer who reviewed the application already performed the only mandatory duty involved by refusing the visa application. Dkt. No. 11 at 2. Second, Defendants contend that, even if there was a mandatory duty to readjudicate the application post-refusal, Hasan cannot show that the approximately sixteen-month delay since the initial refusal is unreasonable as a matter of law. *Id.* Hasan did not respond or otherwise oppose the motion.

In this district, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). The Ninth Circuit has affirmed dismissal of a *pro se* plaintiff's case for failure to respond to a motion to dismiss, consistent with a local rule. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The public's interest in expeditious resolution, the Court's need to manage its docket, and the risk of prejudice to Defendants all weigh in favor of dismissal here. Because the Court will dismiss the case without prejudice, there is no less drastic sanction available. Accordingly, four of the five factors favor granting the motion to dismiss. The public policy favoring disposal of cases on their merits weighs against dismissal, but this is outweighed by the other factors. Accordingly, the Court GRANTS the motion to dismiss (Dkt. No. 11) and dismisses the case without prejudice.

Dated this 6th day of January, 2026.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING CASE WITHOUT PREJUDICE - 3